Moving Party:    DEFENDANT, UNION PACIFIC RAILROAD COMPANY

*Phil Silos v. Union Pacific Railroad Company*, Case No. 8:23cv113

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:    DEFENDANT, UNION PACIFIC RAILROAD COMPANY

The responding party is:    PLAINTIFF, PHIL SILOS

**Note:**  If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Defendant's Interrogatory Nos. 8 and 15; Defendant's Request for Production No. 24 | 1. Whether Plaintiff has an actual or record of disability; 2. Whether Plaintiff is a qualified individual; 3. The limitations on or inability of Plaintiff to safely perform the essential functions of the job; 4.Whether Plaintiff is a direct threat to the health and safety of himself or others; 5. Whether Plaintiff suffered emotional distress as a result of Defendant's conduct | Reviewing the medical records of Plaintiff's treating provides is directly relevant to these issues.  If Defendant does not have access to these records it does not have the ability to determine plaintiff's medical limitations, what he reported to his providers regarding his limitations, what his treating providers advised Plaintiff. | The requests are overbroad and seek irrelevant medical information. Treatment records and providers for other medical issues for years preceding the incident in this case are irrelevant and invade Silos's privacy. | Limit the inquiry to the past ten years. | None | Plaintiff shall amend his answers and responses as discussed during the call on or before October 10, 2023.

Plaintiff shall provide HIPAA releases limited to the alleged disability and related claims, including garden variety emotion distress, from January 2015 to the present. |

Moving Party:   DEFENDANT, UNION PACIFIC RAILROAD COMPANY

| | | | | | | |
|---|---|---|---|---|---|---|
| Defendant's Interrogatory No. 13 | Plaintiff's reasonable accommodation claim | Plaintiff alleges Union Pacific failed to grant him a reasonable accommodation.  His burden to prove this claims includes: (1) establishing that he requested an accommodation; and (2) how the accommodation requested was necessary to perform the essential functions of the job. This interrogatory requests the factual basis for his claim he requested an accommodation and that it was necessary. | Silos does not believe he needed an accommodation. Union Pacific nevertheless issued restrictions and Silos believes, to the extent any restrictions may have been reasonable, they could have been accommodated and Union Pacific failed to do so. | None | None | Plaintiff shall amend his answer to be unequivocal as discussed during the call on or before October 10, 2023. |
| Defendant's Request for Production No. 11 | Plaintiff's claim for back and front pay | Plaintiff may recover back pay and front pay if he prevails on his claims, but plaintiff has a duty to mitigate those damages and they are reduced by income he earned whether through wages or other income earned. | Silos produced his W-2s for 2020, 2021, and 2022. The W-2s show his employment income for the years out of service and disclosure of his full tax returns is unnecessary. | None | None | Defendant agrees to accept W-2s and 1099s provided by Plaintiff. |

Moving Party:    DEFENDANT, UNION PACIFIC RAILROAD COMPANY

| Request for Production No. 16 | 1. Whether Plaintiff has an actual or record of disability; 2. Whether Plaintiff is a qualified individual; 3. The limitations on or inability of Plaintiff to safely perform the essential functions of the job; 4.Whether Plaintiff is a direct threat to the health and safety of himself or others; 5. Plaintiff's claim for back and front pay | Plaintiff's ability to perform jobs he held after he was allegedly unable to continue his job at Union Pacific and/or limitations on his ability to perform such jobs is relevant to whether he is a qualified individual with a disability. Any limitations on future employment or requests for accommodations by Plaintiff in that employment is relevant to his claims. Also, if Plaintiff was terminated from his subsequent employment that could impact mitigation of wages. | The request to sign an authorization is an improper method to obtain records and Silos has not waived all privacy interests in his records by bringing this case. | None | None | Defendant will obtain Plaintiff's subsequent employment file by issuing a Rule 45 subpoena to Plaintiff's one employer as disclosed during the call. |
| | | | | | | |
| | | | | | | |

Counsel for [Plaintiff]:            Nicholas Thompson, Casey Jones Law Firm

Moving Party:   DEFENDANT, UNION PACIFIC RAILROAD
COMPANY

Counsel for Defendant, Union
Pacific

Scott P. Moore, Baird Holm LLP

Date:  October 2, 2023.

**IT IS SO ORDERED.**

**Dated: October 4, 2023.**

**BY THE COURT:**

**United States Magistrate Judge**



**Casey Jones**
L A W  F I R M

729 N Washington Ave, Ste 600
Minneapolis, MN 55401
kaverwater@caseyjones.law
612 293 5370

3520 Cherryvale Avenue, Ste 83
Appleton, WI 54913
nthompson@caseyjones.law
612 208 2735

October 2, 2023

<u>Via Email (Jennifer_Morrison@ned.uscourts.gov)</u>
The Honorable Michael D. Nelson
Roman L. Hruska Federal Courthouse
111 South 18th Plaza
Omaha, NE  68102

Re:     Silos v. Union Pacific R.R. Co., No. 8:23-cv-00113
        Plaintiff's Position Statement

Judge Nelson:

Phil Silos suffers from a medical condition that limits mobility in his hip and causes him to walk with a limp. Silos's supervisor at Union Pacific approached Silos and inquired about his limp, then initiated a fitness for duty review. Silos's doctors cleared him to continue working without restrictions. However, Union Pacific refused to return Silos to work and ultimately issued work restrictions it claims it cannot accommodate. This case concerns whether Union Pacific's actions in withholding Silos from service and its justifications for doing so violate the Americans with Disabilities Act.

The parties have reached an impasse on the following issues:

1. <u>Union Pacific's Interrogatory No. 8 to Silos</u>

Union Pacific asked Silos to identify all treatment providers for the last ten years. Silos has no objection to identifying the providers who treated him for the relevant medical condition or when Union Pacific took him out of service. But Silos has seen other providers for other medical issues for the years preceding the case and identifying all of them is an extreme invasion of privacy. Simply because Silos has put his medical condition at issue in this case, he has not waived his privacy interest in all records. *See, e.g., St. John v. Napolitano*, 274 F.R.D. 12, 17 (D.D.C. 2011) ("[M]edical records from many years prior to the events alleged in the complaint are highly unlikely to contain much relevant evidence. On the other hand, medical records are likely to contain sensitive personal information, a fact underscored by the existence of statutory confidentiality provisions..."); *Bates v. Delmar Gardens North, Inc.*, No. 4:15-CV-00783-AGF, 2016 WL 3543046, at *4 (E.D. Mo. June 29, 2016) (finding defendant's request for eleven years of medical records not necessary and limiting discovery).

2. <u>Union Pacific's Interrogatory No. 13 to Silos</u>

Union Pacific asked Silos to identify the accommodation he required to perform the essential functions of his job. Silos has answered that he was able to perform the essential functions of his job without any accommodations. Silos believes he did not need restrictions, but Union Pacific restricted him anyway. To the extent any of those restrictions may be found reasonable, Silos does not have enough information at this point in discovery to identify the possible

accommodations. Indeed, Union Pacific is in control of that information and Silos need not identify the reasonable accommodation until the end of the discovery period. *See, e.g., Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1113 (9th Cir. 2000), *vacated on other grounds, U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ("Employees do not have at their disposal the extensive information concerning possible alternative positions or possible accommodations which employers have.").

3.   Union Pacific's Interrogatory No. 15 to Silos

Union Pacific asked Silos to identify all health care providers from whom he has received treatment for medical conditions that are the basis for a "disability" under the ADA. As with Interrogatory No. 8, Silos has no objection to identifying the providers who treated him for the relevant medical condition. But the interrogatory is not limited by time or relevance, and requiring Silos to disclose his entire medical history of treatment from any number of years ago for medical conditions that are not at issue in this case is an invasion of his privacy. As noted above, Silos has not waived his privacy interest in all of his medical records. *See St. John*, 274 F.R.D. at 17.

4.   Union Pacific's Request for Production No. 11

Union Pacific has asked Silos to produce his income tax returns for 2020 through the present. Silos has produced his 2020, 2021, and 2022 W-2s but Union Pacific still seeks Silos's full income tax returns. However, because Silos has provided the documents in his control reflecting his employment income for the years he has been withheld from service, it is unclear why Union Pacific believes the full tax returns are relevant or what information they contain that is not obtainable from another source, i.e., Silos's W-2s. *See, e.g., Home Instead, Inc. v. Florance*, No. 8:12-CV-264, 2013 WL 59629, at *9 (D. Neb. Nov. 8, 2013) (explaining heightened showing of relevance and necessity required to permit discovery of tax returns).

5.   Union Pacific's Request for Production No. 16

Union Pacific asked Silos to sign an Employment Records Authorization. Silos responded that he has produced the records in his possession. Union Pacific believes Silos must sign the authorization. But Silos maintains a privacy interest in those records, particularly where they concern his current employer. *See, e.g., Brown v. Stairstep Initiative Co.*, No. CV 05-2102, 2006 WL 8443265, at *1-2 (D. Minn. June 7, 2006) (noting plaintiff's privacy interest in her employment records). Moreover, courts have held that Rule 34 does not provide the authority to order a plaintiff to execute authorizations. *E.g., Gardner v. Duluth Pub. Sch. Acad.*, No. 19-CV-2314, 2021 WL 6755015, at *5 (D. Minn. Mar. 8, 2021) (denying to compel execution of record release, explaining Rule 34 "lacks any provision <u>requiring</u> a responding party to sign a release authorization so that the requesting party may contain [sic] all records from a non-party.") (emphasis original).

6.   Union Pacific's Request for Production No. 24

Union Pacific asked Silos to complete a HIPAA release to allow it to obtain copies of any document relating to any treatment received for the past 10 years that are the basis for a claim that he has a "disability" under the ADA. Silos produced the relevant, responsive documents in his control.  Union Pacific believes Silos must sign the HIPAA release. Silos does not dispute that his medical condition is at issue, or that Union Pacific may obtain relevant records. However, as noted above, courts have held that Rule 34 does not provide the authority to order a plaintiff to execute authorizations and that those records may be properly obtained through a subpoena. *See, e.g.*

caseyjones.law

*Thompson v. Smith,* No. 4:14-cv-465, 2017 WL 11543192, at *2 (N.D. Fla. Mar. 1, 2017) (refusing to order party to execute medical release in response to a Rule 34 request to produce); *Klugel v. Clough*, 252 F.R.D. 53, 55 (D.D.C. 2008) (finding Rule 34 is not a vehicle by which a party may be compelled to sign an authorization for the release of records).

Sincerely,

Nicholas D. Thompson

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

---

PHIL SILOS,

        Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

CASE NO. 8:23-cv-113

**DEFENDANT'S POSITION
STATEMENT RE DISCOVERY
DISPUTE**

---

## DEFENDANTS INTERROGATORIES NOS. 8 & 15/RFP NOS. 24[1]

Each of these discovery requests seek information and documents from providers from whom Plaintiff sought medical treatment within the last 10 years.  First, Plaintiff's medical treatment is relevant to his claim that he has an "actual" and "record of" a disability under the ADA.  In order to show he has an actual or record of a disability, Plaintiff must establish he has a physical impairment that substantially limits him in a major life activity. *See* 42 U.S.C. § 12102(1).  Indeed, the court in *Bingham v. Union Pacific R.R. Co.*, ___ F.Supp.3d ___, 2023 WL 6196875, at * 6-12 (D. Neb. Sep. 22, 2023), recently granted Union Pacific summary judgment in a similar case because plaintiff failed to establish he had a "disability" under this definition.  Union Pacific is entitled to review the medical records to determine the nature and scope of treatment Plaintiff received, how it impacted whether Plaintiff has an impairment that limits him in a major life activity, to determine if Plaintiff made consistent statements regarding his health condition, and/or if his treating providers had different opinions regarding Plaintiff's limitations.

Second, Plaintiff seeks compensatory damages under the ADA in this case.  Plaintiff put his physical and mental health in issue by seeking such damages.  *See e.g. Howard v. College of the Albemarle & Kandi Deitemeyer*, No. 2:15-CV-00039-D, 2016 WL 4384658, at * 6 (E.D.N.C. Aug. 16, 2016) (citations omitted) ("A party's medical records are both relevant and discoverable when the party places their physical and mental health in issue by seeking compensatory damages for violations of the Americans with Disabilities Act ("ADA") or for medical, mental, or emotional damages.").

Third, Union Pacific requested that Plaintiff complete a HIPAA release for documents from any treating provider from whom Plaintiff has received treatment for any medical condition he claims is the basis for his alleged disability in the past 10 years. Courts in this district have granted motions to compel parties to sign releases for relevant medical

---

[1] Union Pacific attaches Plaintiff's responses to its First Set of Interrogatories (Exh. A), Plaintiff's Responses to its First Set of Requests for Production of Documents (Exh. B), and Plaintiff's Supplemental Answers to First Set of Interrogatories (Exh. C).

information.  *See e.g. Brown v. Eli Lilly and Co.*, 131 F.R.D. 176 (D. Neb. 1988); *Llanes v. Barton*, 2008 WL 1840771 (D. Neb. Apr. 22, 2008).  The medical records requested are relevant to Plaintiff's claims that he has a "disability" as defined by the ADA and because Plaintiff seeks compensatory damages.  The HIPPA releases are necessary because his treating providers will invariably request the same before they produce the records responsive to any subpoena.

## DEFENDANT'S INTERROGATORY NO. 13

In this interrogatory Union Pacific requests that Plaintiff "identify: (a) what accommodation was requested; (b) the date on which you requested an accommodation from Union Pacific; (c) to whom at Union Pacific the request for reasonable accommodation was made; and (d) how the requested accommodation was necessary to allow you to perform the essential functions of your job."  Plaintiff responds to this interrogatory by stating "Plaintiff performed his job's essential functions without any accommodation and, the restrictions that Union Pacific issued could have easily been accommodated in any number of reasonable ways, including reassignment to another position."  This statement is non-responsive.  This Court made clear that Plaintiff was not required to more clearly state his claims in the Rule 26(f) report because the parties could use discovery to seek relevant information to understand Plaintiff's claims.  Plaintiff bears the burden to show he requested a reasonable accommodation and that such an accommodation was available that would have allowed him to perform his job.  This interrogatory seeks relevant information that Plaintiff must disclose in discovery.

## DEFENDANT'S RFP NO. 11

Union Pacific seeks Plaintiff's tax returns.  Plaintiff is seeking back and front pay as damages.  Plaintiff has an affirmative obligation to mitigate his damages.  Also, any income (whether as a wage or other income) Plaintiff earns as a result of no longer working for Union Pacific is set off from any wage recovery.  For those reasons, his tax returns are relevant to show any income he has earned and how his income changed, if at all.

## DEFENDANT'S REQUEST NO. 16

Union Pacific requests copies of employment records (and for Plaintiff to sign a release for such records) from any employer for whom he has worked since January 2020.  These documents are relevant to whether Plaintiff is a "qualified individual with a disability."  For example, Plaintiff may have requested an accommodation from his subsequent employers or stated that he was unable to perform a job that is similar in nature to the job for which Union Pacific is asserting he is not qualified.  Plaintiff's subsequent employment, including termination from such employment, is relevant to Plaintiff's request for back and front pay.  For example, the court must toll any back pay award during any period in which Plaintiff voluntarily quit his subsequent position and obtains any subsequent employment.  *See E.E.O.C. v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992) (citations omitted).

2

Dated this 2nd day of October, 2023.

UNION PACIFIC RAILROAD
COMPANY, Defendant,

By:    */s/ Scott P. Moore*
        Scott Parrish Moore (NE# 20752)
        Addison C. McCauley (NE# 27700)
of    BAIRD HOLM LLP
        1700 Farnam Street, Suite 1500
        Omaha, NE  68102-2068
        Phone: 402-344-0500
        spmoore@bairdholm.com
        amccauley@bairdholm.com

3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| PHIL SILOS,<br><br>                                    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                                    Defendant. | Case No. 8:23-cv-113<br><br>**PLAINTIFF'S ANSWERS TO**<br>**DEFENDANT'S INTERROGATORIES** |

**INTERROGATORY NO. 1:** Please identify all persons known to you who have knowledge of facts relevant or material to any claim or defense at issue in this lawsuit, and briefly state the substance of the knowledge of each.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information in Defendant's control. Notwithstanding this objection, please see Plaintiff's initial disclosures.**

**INTERROGATORY NO. 2:** Identify any disability, unemployment, and/or retirement benefits for which you have applied, including but not limited to the Railroad Retirement Board, social security, or other public/private benefits and for each, provide: (a) the entity with which you made application; (b) the date of any application; and (c) the amount of any benefits received.

**ANSWER: Plaintiff objects to this interrogatory as overbroad insofar as it seeks any application for benefits, regardless of relevance. Subject to this objection, Plaintiff applied for RRB, unemployment and disability benefits, but did not receive any amount of benefits from them.**

**INTERROGATORY NO. 3:** Please provide the address or URL of any and all social media sites to which you belong or have used, whether through the internet or an app, since January 10, 2020.

**ANSWER: Plaintiff objects to this interrogatory as overbroad insofar as it seeks all social media sites to which Plaintiff belongs regardless of relevance.**

**INTERROGATORY NO. 4:** Since January 10, 2020 to the present, list the full name and address of each person or entity with whom you have made either formal or informal application for employment or have sought to enter into an independent contractor relationship, stating with particularity (a) Whether you submitted a written application; and (b) the result of your application for employment or a contract and any reasons given if you were not extended an offer.

**ANSWER:**

**Cohagen Battery**
**320 S. Dewey St., North Platte, NE 69101**

Plaintiff's application was rejected and the company moved forward with a different applicant.

**Zeller Motor Co.**
**505 W. Rodeo Rd., North Platte, NE 69101**
**Plaintiff's application was rejected and the company moved forward with a different applicant.**

**Jody's Auto Sales**
**January 2022 – December 2022**
**4 S. Jeffers St., North Platte, NE 69101**
**Plaintiff's application was approved.**

**INTERROGATORY NO. 5:** Identify with sufficient detail any claims or lawsuits you have filed for employment discrimination, personal injury, workers' compensation, FELA, and/or Social Security or disability benefits.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Notwithstanding the objection, Plaintiff has filed two discrimination charges with the EEOC [NEB 3-16/17-448664-RS, 32E-2017-00506 and NEB 1-19/20-4-51241-RS, 32E-2020-00384.] Plaintiff also has a pending case against Union Pacific.**

**INTERROGATORY NO. 6:** Identify all damages which you claim in this case and for each specify the following:

        a.    The nature of the damages;
        b.    The amount of the damages; and
        c.    How you calculate the amount of damages.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory to the extent it seeks expert testimony. Subject to the latter objection, Plaintiff seeks wage and benefit losses in amounts that can best be determined from the comparator wage information in Defendant's control. Plaintiff also seeks emotional distress damages in an amount to be determined by the trier of fact. Plaintiff also seeks punitive damages in the maximum amount allowed by statute. Finally, Plaintiff seeks attorney's fees and costs.**

**INTERROGATORY NO. 7:** Identify all facts upon which you rely in support of your claim for punitive damages.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this request as seeking privileged information. Subject to the latter objection, Defendant discriminated against Plaintiff on the basis of his disability and used his medical condition to claim Plaintiff cannot safely do his or any other job at the company for which he is otherwise qualified, even with a reasonable accommodation.**

**INTERROGATORY NO. 8:** Identify all persons, including physicians, therapists, counselors, social

2

workers and psychologists from whom you have received treatment in the past ten (10) years, including the dates of treatment, profession and work address.

**ANSWER: Plaintiff objects to this interrogatory as overbroad insofar as it seeks all health care providers that Plaintiff may have seen over the last ten years, regardless of relevance. Subject to that objection, see Plaintiff's amended initial disclosures.**

**INTERROGATORY NO. 9:** Identify any facts supporting your assertion that the restrictions identified for you by Union Pacific were inappropriate, unnecessary, and/or overly broad.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Subject to the second objection, Plaintiff can perform his job's essential functions, with or without an accommodation, as demonstrated by his medical doctors approving his return to work without restrictions.**

**INTERROGATORY NO. 10:** Do you claim to have an "actual disability" as defined by 42 U.S.C. § 12102, and, if so, please identify: (a) the physical or mental impairment(s) from which you suffer; and (b) how that impairment(s) limits you in one or more major life activities.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory as seeking expert opinion. Subject to the latter objection, Plaintiff is disabled under each definition of the ADA, including the "actual disability" definition. Plaintiff suffers from a medical condition that causes limited movement and pain in his hip, which Union Pacific claims prevents him from safely doing his or any other job at the company for which he is otherwise qualified, even with a reasonable accommodation.**

**INTERROGATORY NO. 11:** Do you claim to have a "record of" a disability as defined by 42 U.S.C. § 12102, and, if so, please identify the document(s) that you claim establish you have such a "record of" a disability.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory as seeking expert opinion. Subject to the latter objection, Plaintiff is disabled under each definition of the ADA, including the "record of" definition of disability. Plaintiff suffers from a medical condition that causes limited movement and pain in his hip, which Union Pacific claims prevents him from safely doing his or any other job for which he is otherwise qualified, even with a reasonable accommodation.**

**INTERROGATORY NO. 12:** Do you claim Union Pacific "regarded you" as having a disability as defined by 42 U.S.C. § 12102, and, if so, please identify the employee who "regarded you" as having a disability and the facts that show this person "regarded you" as having a disability.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory as seeking expert opinion. Subject to the latter objection, Plaintiff is disabled under each definition of the ADA, including the "regarded as" definition of disability. Plaintiff suffers from a medical condition that causes limited movement and pain in his hip, which Union Pacific claims prevents**

**him from safely doing his or any other job for which he is otherwise qualified.**

**INTERROGATORY NO. 13:** If you claim that Union Pacific failed to provide you a reasonable accommodation, please Identify: (a) what accommodation was requested; (b) the date on which you requested an accommodation from Union Pacific; to whom at Union Pacific the request for reasonable accommodation was made; and (c) how the requested accommodation was necessary to allow you to perform the essential functions of your job.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in the Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Subject to the latter objection, Plaintiff performed his job's essential functions without any accommodations and, the restrictions that Union Pacific issued could have easily been accommodated in any number of reasonable ways, including reassignment to another position.**

**INTERROGATORY NO. 14:** If you claim Union Pacific should have reassigned you to another position(s) as a reasonable accommodation, please identify the position(s) that was vacant and for which you were qualified to which Union Pacific should have assigned you.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as it seeks information that is in the Defendant's control. Notwithstanding the objection, Plaintiff was qualified to perform a number of positions, reassignment to any of which could have been a reasonable accommodation, including but not limited to OTM Manager and Safety Manager positions.**

**INTERROGATORY NO. 15:** Identify all health care providers from whom you have received treatment for any medical condition that you claim is the basis for having a "disability" as defined by 42 U.S.C. § 12102.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff also objects to this interrogatory as overbroad insofar as it seeks health care providers who have treated Plaintiff for having a "disability," regardless of whether that disability is at issue in this case. Subject to the second objection, see Plaintiff's amended initial disclosures.**

**INTERROGATORY NO. 16:** Please identify any individuals at Union Pacific whom you made aware that you have a "disability" as defined by 42 U.S.C. § 12102. For each individual, identify how the person was made aware that you have a "disability" including the documentation (if any) that was provided to them.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in the Defendant's control. Notwithstanding the objection, Union Pacific claims Plaintiff's physical condition prevents him from safely doing his job or any other job for which he is otherwise qualified, even with a reasonable accommodation.**

**INTERROGATORY NO. 17:** Identify any policy(ies) or practice(s) on which your claim(s) are based and explain whether and why you contend such policies or practices were discriminatory or facially neutral.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks**

4

**information that is in Defendant's control. Plaintiff further objects to the interrogatory as a contention interrogatory. Notwithstanding the former and subject to the latter, Union Pacific removed Plaintiff from service for his medical condition, forced Plaintiff to undergo multiple physical examinations and, even when those medical doctors cleared Plaintiff to return to work without restrictions, Union Pacific continued to hold him out of service without any accommodation.**

**INTERROGATORY NO. 18:** Identify the qualification standard(s) that Union Pacific imposed on you that you contend screen out or tend to screen out an individual with a disability or a class of individuals with disabilities.

**ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Notwithstanding the former and subject to the latter, Union Pacific removed Plaintiff from service claiming that his medical condition prevented him from safely doing his job or any other job for which he was qualified, despite Plaintiff completing multiple medical examinations that cleared Plaintiff to return to work without restrictions.**

**INTERROGATORY NO. 19:** If you claim that Defendant intentionally discriminated against you on the basis of disability, describe the facts that support such a claim.

**ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Plaintiff further objects to this interrogatory to the extent it seeks privileged information. Subject to the second and third objections, Defendant issued restrictions against Plaintiff and refused to accommodate them, despite it being unreasonable to believe that Plaintiff suffered from conditions necessitating them.**

**PLAINTIFF'S COUNSEL**

Dated: August 17, 2023

*s/ Nicholas D. Thompson*
Nicholas D. Thompson (MN 0389609)
Kathryn E. Averwater (MN 0401767)
CASEY JONES LAW
729 N. Washington Ave., Suite 600
Minneapolis, MN 55401
(612) 293-5249
nthompson@caseyjones.law
kaverwater@caseyjones.law

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

| | |
|---|---|
| PHIL SILOS,<br><br>                                        Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                                        Defendant. | Case No. 8:23-cv-113<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION** |

**REQUEST NO. 1:**   All documents that you identified in your answers to any of Defendant's First Set of Interrogatories to Plaintiff or in Plaintiff's Rule 26(a)(1) Disclosures, or any amendments/supplements thereto.

**RESPONSE: Plaintiff objects to the request as unduly burdensome insofar as it seeks documents in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 2:** All written or mechanically recorded statements that you (or your attorney) have taken or received from any person concerning this case.

**RESPONSE: Plaintiff objects to this request to the extent it seeks privileged documents. Subject to the objection, Plaintiff has produced all non-privileged, responsive documents in his control.**

**REQUEST NO. 3:** All documents concerning conversations or other communications between you and any current or former employees, officers, representatives, attorneys or agents of Defendant or any third party(ies), concerning any and all claims raised by you in this action or otherwise concerning your employment with and/or separation from Defendant.

**RESPONSE: Plaintiff objects to this request as unduly burdensome insofar as it seeks documents in Defendant's control. Plaintiff also objects to the request as overbroad insofar as it seeks all documents concerning communications between Plaintiff and third parties that in any way concern his employment, regardless of relevance. Subject to the latter objection, Plaintiff has produced all relevant, responsive documents in his control.**

**REQUEST NO. 4:** Any email and/or text messages you contend are relevant to the allegations in your Complaint.

**RESPONSE: Plaintiff objects to this request to the extent it seeks privileged communications. Subject to this objection, Plaintiff has produced all non-privileged, responsive documents in his control.**

1

**REQUEST NO. 5:** All diaries, notes, phone logs, journals, personal notes, calendar entries, and written recollections you have kept during your employment with Defendant.

**RESPONSE: Plaintiff objects to this request as overbroad insofar as it seeks all written recollections Plaintiff kept during his employment with Defendant, regardless of relevance. Plaintiff also objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Finally, Plaintiff objects to the request to the extent it seeks privileged documents. Subject to the first and third objections, Plaintiff has produced all nonprivileged, relevant and responsive documents in his control.**

**REQUEST NO. 6:** All documents you provided to or received from any local, state, or federal agency in connection with the investigation of any complaint or charge filed by you with the agency concerning allegedly unlawful employment practices by Defendant.

**RESPONSE: Plaintiff objects to this request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 7:** Any and all documents concerning any internal complaint, report, or grievance filed by you during your employment with Defendant concerning discrimination, retaliation, harassment, or any other unlawful conduct or practice.

**RESPONSE: Plaintiff objects to this request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 8:** Copies of anything you posted on a blog or social networking site, such as Facebook, TikTok, LinkedIn, Twitter, Snapchat, Instagram, Tumblr, or similar sites, concerning your employment with Defendant, your alleged disability, any major life activities in which you allege to be substantially limited, alleged disparate treatment or discrimination by Defendant, or any other allegations in your Charge or Complaint.

**RESPONSE: Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 9:** Any audio or video recording any and all claims raised by you in this action or otherwise concerning your employment with and/or separation from Defendant that you created or caused to be created of: (a) any employee of the Defendant; (b) any person you believe has relevant information in this case; or (c) any person whom you may depose or call as a witness at trial.

**RESPONSE: Plaintiff objects to this request as unduly burdensome insofar as the responsive documents are in Defendant's control. Plaintiff also objects to this request to the extent it seeks privileged documents. Subject to the second objection, Plaintiff has produced all non-privileged, responsive documents in his control.**

**REQUEST NO. 10:** All photographs, charts, graphs, plats, drawings, movies, videotapes, audiotapes, emails, letters, correspondence, telephone messages, text messages, certified letter receipts, blog entries, diaries, telephone logs, post-it notes, calendars, computer files, electronic information, documents, or other evidentiary items made by you that are relevant to this lawsuit.

2

**RESPONSE:** Plaintiff objects to this request to the extent it seeks privileged documents. Plaintiff also objects to this request as unduly burdensome insofar as it seeks documents in Defendant's control. Subject to the former objection, Plaintiff has produced all non-privileged, responsive, documents in his control.

**REQUEST NO. 11:** For the years 2020 through the present, your state and federal income tax returns, including any attached schedules, W-2s, and 1099s.

**RESPONSE:** Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Plaintiff also objects to the request to the extent it seeks privileged documents. Subject to the second objection, Plaintiff has produced his W-2s, 1099s, and whatever relevant documents best demonstrate income not captured thereby for the period of time Plaintiff has been unlawfully withheld from service.

**REQUEST NO. 12:** Documents which you contend support your claim for emotional distress, including medical records, treatment notes, impressions or diagnoses, admission and outpatient reports, test results, and nurses' notes.

**RESPONSE:** Plaintiff also objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Plaintiff also objects to the request to the extent it seeks privileged documents. Subject to second objection, Plaintiff has produced all nonprivileged, relevant and responsive documents in his control.

**REQUEST NO. 13:** All documents relating to your efforts to obtain employment with any employer since January 10, 2020, including but not limited to, employment applications, resumes, W-2s, pay stubs, offer letters, application logs, and emails.

**RESPONSE:** Plaintiff has produced all responsive documents in his control.

**REQUEST NO. 14:** All documents related to any application or claim for benefits from the Railroad Retirement Board ("RRB"), a private company, the Social Security Administration ("SSA"), or other public entity, including, but not limited to, applications, documents provided in support of such application or claim, communications with the RRB, company or SSA, the decision to grant or deny benefits, and the amount of such benefits.

**RESPONSE:** Plaintiff objects to the request as overbroad insofar as it is not limited in time or scope. Plaintiff also objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Subject to the former objection, Plaintiff has produced all responsive documents in his control.

**REQUEST NO. 15:** All documents that support your claim for punitive damages.

**RESPONSE:** Plaintiff objects to the request as unduly burdensome insofar as the responsive documents are in Defendant's control. Subject to the objection, Plaintiff has produced all responsive documents in his control.

**REQUEST NO. 16:** Copies of employment records from any employer for whom you have worked since January 10, 2020.  (Please complete the Employment Records Authorization attached hereto in order to

facilitate the Defendant in obtaining any records that are not in your possession, and return the signed Authorization to counsel for the Defendant along with your Responses.)

**RESPONSE:** **Plaintiff objects to the request for the reasons discussed in *Thompson v. Smith*, No. 4:14-CV-465-RH-GRJ, 2017 WL 11543192, at \*1-2 (N.D. Fla. Mar. 1, 2017). Subject to the objection, Plaintiff has produced all relevant, responsive documents in his control.**

**REQUEST NO. 17:** All records you contend support your claim that you have a "actual" disability, as that term is defined by the Americans with Disabilities Act, including but not limited to counseling notes, appointments records, medication prescriptions, and medical bills.

**RESPONSE:** **Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 18:** All documents you contend support your claim that Defendant was aware of any of the disabilities alleged in your Complaint.

**RESPONSE:** **Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 19:** All records you contend support your claim that Union Pacific "regarded" you as having a "disability," as that term is defined by the Americans with Disabilities Act.

**RESPONSE:** **Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 20:** All records you contend support your claim that you have a "record of" a "disability," as that term is defined by the Americans with Disabilities Act.

**RESPONSE:** **Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 21:** All documents that show any accommodations that you contend were necessary for you to perform the essential functions of your position.

**RESPONSE:** **Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.**

**REQUEST NO. 22:** All documents related to any reasonable accommodation you requested from or that was offered to you by Defendant and any response to any request for/offer of reasonable accommodation.

**RESPONSE:** Plaintiff objects to this request as overbroad insofar as it seeks all documents related to requests for accommodations, regardless of relevance. Additionally, Plaintiff objects to this request as unduly burdensome insofar as the documents are in Defendant's control. Subject to the former objection, Plaintiff has produced all relevant and responsive documents in his control.

**REQUEST NO. 23:** All documents that you contend Union Pacific applied a selection criteria qualification standard(s), employment test(s) and/or medical screening that screens or tends to screen individual with a disability or a class of individuals with disabilities.

**RESPONSE:** Plaintiff objects to this request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all relevant and responsive documents in his control.

**REQUEST NO. 24:** Please complete the HIPAA release attached hereto for copies of any documents relating to any treatment you received from any doctor, psychiatrist, psychologist, therapist, counselor or other health care provider in the past ten (10) years for any medical condition that is the basis for your claim that you have an "disability" as that term is defined by the Americans with Disabilities Act including, but not limited to, medical records, treatment notes, impressions or diagnoses, admission and outpatient reports, test results, and nurses' notes.

**RESPONSE:** Plaintiff objects to this request as unduly burdensome insofar as the documents are in Defendant's control. Plaintiff also objects to the request for the reasons discussed in *Thompson v. Smith*, No. 4:14-CV-465-RH-GRJ, 2017 WL 11543192, at *1-2 (N.D. Fla. Mar. 1, 2017). Subject to the latter objection, Plaintiff has produced all relevant, responsive documents in his control.

**REQUEST NO. 25:** All documents that support your claim that Defendant intentionally discriminated against you on the basis of disability.

**RESPONSE:** Plaintiff objects to the request as unduly burdensome insofar as the documents are in Defendant's control. Plaintiff also objects to the extent the request seeks privileged documents. Subject to the second objection, Plaintiff has produced all nonprivileged, responsive documents in his control.

**REQUEST NO. 26:** All documents that support your claim that Defendant has a policy or practice that has a disparate impact on individuals with disabilities.

**RESPONSE:** Plaintiff objects to this request as unduly burdensome insofar as the documents are in Defendant's control. Notwithstanding the objection, Plaintiff has produced all responsive documents in his control.

**REQUEST NO. 27:** Any and all documents that you intend to offer in deposition, in support of a motion, or at trial of this matter that were disclosed in the matter styled *Harris v. Union Pacific Railroad Company*, Case No. 16cv00381 (D. Neb.).

**RESPONSE:** Plaintiff objects to the request as unduly burdensome insofar as Defendant was a party to the case and the responsive documents are in Defendant's control. Defendant further objects to the request to the extent it seeks privileged documents. Subject to the latter objection,

**Plaintiff has produced all nonprivileged, responsive documents in his control.**

**REQUEST NO. 28:** Any text messages you contend are relevant to the allegations in your Complaint.

**RESPONSE: Plaintiff objects to this request to the extent it seeks privileged communications. Subject to the objections, Plaintiff has produced all non-privileged, responsive documents in his control.**

                                                    **PLAINTIFF'S COUNSEL**

Dated: August 17, 2023

                                                    /s/ *Nicholas D. Thompson*
                                                    Nicholas D. Thompson (MN 0389609)
                                                    Kathryn E. Averwater (MN 0401767)
                                                    CASEY JONES LAW
                                                    729 N. Washington Ave., Suite 600
                                                    Minneapolis, MN 55401
                                                    (612) 293-5249
                                                    nthompson@caseyjones.law
                                                    kaverwater@caseyjones.law

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| PHIL SILOS,<br><br>                             Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>                             Defendant. | Case No. 8:23-cv-113<br><br>**PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT'S INTERROGATORIES** |

<u>INTERROGATORY NO. 1:</u> Please identify all persons known to you who have knowledge of facts relevant or material to any claim or defense at issue in this lawsuit, and briefly state the substance of the knowledge of each.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information in Defendant's control. Notwithstanding this objection, please see Plaintiff's initial disclosures.

<u>INTERROGATORY NO. 2:</u> Identify any disability, unemployment, and/or retirement benefits for which you have applied, including but not limited to the Railroad Retirement Board, social security, or other public/private benefits and for each, provide: (a) the entity with which you made application; (b) the date of any application; and (c) the amount of any benefits received.

ANSWER: Plaintiff objects to this interrogatory as overbroad insofar as it seeks any application for benefits, regardless of relevance. Subject to this objection, Plaintiff applied for RRB, unemployment and disability benefits, but did not receive any amount of benefits from them.

**SUPPLEMENTAL ANSWER: Plaintiff applied to the RRB for unemployment benefits. The RRB informed Plaintiff that he did not qualify for unemployment benefits. Plaintiff then applied to the RRB for disability benefits. The RRB has not yet informed him, one way or the other, whether he qualifies for those benefits**

<u>INTERROGATORY NO. 3:</u> Please provide the address or URL of any and all social media sites to which you belong or have used, whether through the internet or an app, since January 10, 2020.

ANSWER: Plaintiff objects to this interrogatory as overbroad insofar as it seeks all social media sites to which Plaintiff belongs regardless of relevance.

<u>INTERROGATORY NO. 4:</u> Since January 10, 2020 to the present, list the full name and address of each person or entity with whom you have made either formal or informal application for employment or have sought to enter into an independent contractor relationship, stating with particularity (a) Whether you submitted a written application; and (b) the result of your application for employment or a contract and any reasons given if you were not extended an offer.

ANSWER:

1

Cohagen Battery
320 S. Dewey St., North Platte, NE 69101
Plaintiff's application was rejected and the company moved forward with a different applicant.

Zeller Motor Co.
505 W. Rodeo Rd., North Platte, NE 69101
Plaintiff's application was rejected and the company moved forward with a different applicant.

Jody's Auto Sales
January 2022 – December 2022
4 S. Jeffers St., North Platte, NE 69101
Plaintiff's application was approved.

INTERROGATORY NO. 5: Identify with sufficient detail any claims or lawsuits you have filed for employment discrimination, personal injury, workers' compensation, FELA, and/or Social Security or disability benefits.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Notwithstanding the objection, Plaintiff has filed two discrimination charges with the EEOC [NEB 3-16/17-448664-RS, 32E-2017-00506 and NEB 1-19/20-4-51241-RS, 32E-2020-00384.] Plaintiff also has a pending case against Union Pacific.

INTERROGATORY NO. 6: Identify all damages which you claim in this case and for each specify the following: (a) The nature of the damages; (b) The amount of the damages; and (c) How you calculate the amount of damages.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory to the extent it seeks expert testimony. Subject to the latter objection, Plaintiff seeks wage and benefit losses in amounts that can best be determined from the comparator wage information in Defendant's control. Plaintiff also seeks emotional distress damages in an amount to be determined by the trier of fact. Plaintiff also seeks punitive damages in the maximum amount allowed by statute. Finally, Plaintiff seeks attorney's fees and costs.

INTERROGATORY NO. 7: Identify all facts upon which you rely in support of your claim for punitive damages.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this request as seeking privileged information. Subject to the latter objection, Defendant discriminated against Plaintiff on the basis of his disability and used his medical condition to claim Plaintiff cannot safely do his or any other job at the company for which he is otherwise qualified, even with a reasonable accommodation.

INTERROGATORY NO. 8: Identify all persons, including physicians, therapists, counselors, social workers and psychologists from whom you have received treatment in the past ten (10) years, including the dates of treatment, profession and work address.

ANSWER: Plaintiff objects to this interrogatory as overbroad insofar as it seeks all health care providers

2

that Plaintiff may have seen over the last ten years, regardless of relevance. Subject to that objection, see Plaintiff's amended initial disclosures.

INTERROGATORY NO. 9: Identify any facts supporting your assertion that the restrictions identified for you by Union Pacific were inappropriate, unnecessary, and/or overly broad.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Subject to the second objection, Plaintiff can perform his job's essential functions, with or without an accommodation, as demonstrated by his medical doctors approving his return to work without restrictions.

INTERROGATORY NO. 10: Do you claim to have an "actual disability" as defined by 42 U.S.C. § 12102, and, if so, please identify: (a) the physical or mental impairment(s) from which you suffer; and (b) how that impairment(s) limits you in one or more major life activities.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory as seeking expert opinion. Subject to the latter objection, Plaintiff is disabled under each definition of the ADA, including the "actual disability" definition. Plaintiff suffers from a medical condition that causes limited movement and pain in his hip, which Union Pacific claims prevents him from safely doing his or any other job at the company for which he is otherwise qualified, even with a reasonable accommodation.

INTERROGATORY NO. 11: Do you claim to have a "record of" a disability as defined by 42 U.S.C. § 12102, and, if so, please identify the document(s) that you claim establish you have such a "record of" a disability.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory as seeking expert opinion. Subject to the latter objection, Plaintiff is disabled under each definition of the ADA, including the "record of" definition of disability. Plaintiff suffers from a medical condition that causes limited movement and pain in his hip, which Union Pacific claims prevents him from safely doing his or any other job for which he is otherwise qualified, even with a reasonable accommodation.

INTERROGATORY NO. 12: Do you claim Union Pacific "regarded you" as having a disability as defined by 42 U.S.C. § 12102, and, if so, please identify the employee who "regarded you" as having a disability and the facts that show this person "regarded you" as having a disability.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to this interrogatory as seeking expert opinion. Subject to the latter objection, Plaintiff is disabled under each definition of the ADA, including the "regarded as" definition of disability. Plaintiff suffers from a medical condition that causes limited movement and pain in his hip, which Union Pacific claims prevents him from safely doing his or any other job for which he is otherwise qualified.

INTERROGATORY NO. 13: If you claim that Union Pacific failed to provide you a reasonable accommodation, please Identify: (a) what accommodation was requested; (b) the date on which you requested an accommodation from Union Pacific; to whom at Union Pacific the request for reasonable accommodation was made; and (c) how the requested accommodation was necessary to allow you

3

to perform the essential functions of your job.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in the Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Subject to the latter objection, Plaintiff performed his job's essential functions without any accommodations and, the restrictions that Union Pacific issued could have easily been accommodated in any number of reasonable ways, including reassignment to another position.

INTERROGATORY NO. 14: If you claim Union Pacific should have reassigned you to another position(s) as a reasonable accommodation, please identify the position(s) that was vacant and for which you were qualified to which Union Pacific should have assigned you.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as it seeks information that is in the Defendant's control. Notwithstanding the objection, Plaintiff was qualified to perform a number of positions, reassignment to any of which could have been a reasonable accommodation, including but not limited to OTM Manager and Safety Manager positions.

INTERROGATORY NO. 15: Identify all health care providers from whom you have received treatment for any medical condition that you claim is the basis for having a "disability" as defined by 42 U.S.C. § 12102.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff also objects to this interrogatory as overbroad insofar as it seeks health care providers who have treated Plaintiff for having a "disability," regardless of whether that disability is at issue in this case. Subject to the second objection, see Plaintiff's amended initial disclosures.

INTERROGATORY NO. 16: Please identify any individuals at Union Pacific whom you made aware that you have a "disability" as defined by 42 U.S.C. § 12102. For each individual, identify how the person was made aware that you have a "disability" including the documentation (if any) that was provided to them.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in the Defendant's control. Notwithstanding the objection, Union Pacific claims Plaintiff's physical condition prevents him from safely doing his job or any other job for which he is otherwise qualified, even with a reasonable accommodation.

INTERROGATORY NO. 17: Identify any policy(ies) or practice(s) on which your claim(s) are based and explain whether and why you contend such policies or practices were discriminatory or facially neutral.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff further objects to the interrogatory as a contention interrogatory. Notwithstanding the former and subject to the latter, Union Pacific removed Plaintiff from service for his medical condition, forced Plaintiff to undergo multiple physical examinations and, even when those medical doctors cleared Plaintiff to return to work without restrictions, Union Pacific continued to hold him out of service without any accommodation.

**SUPPLEMENTAL ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff further objects to the interrogatory as a contention interrogatory. Notwithstanding the former and subject to the latter, Union Pacific removed Plaintiff from service for his medical condition, forced Plaintiff to undergo**

4

**multiple physical examinations and, even when those medical doctors cleared Plaintiff to return to work without restrictions, Union Pacific continued to hold him out of service without any accommodation. The policies pursuant to which this was done are discriminatory on their face.**

INTERROGATORY NO. 18: Identify the qualification standard(s) that Union Pacific imposed on you that you contend screen out or tend to screen out an individual with a disability or a class of individuals with disabilities.

ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Notwithstanding the former and subject to the latter, Union Pacific removed Plaintiff from service claiming that his medical condition prevented him from safely doing his job or any other job for which he was qualified, despite Plaintiff completing multiple medical examinations that cleared Plaintiff to return to work without restrictions.

**SUPPLEMENTAL ANSWER: Plaintiff objects to this interrogatory as unduly burdensome insofar as it seeks information that is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Notwithstanding the former and subject to the latter, Union Pacific removed Plaintiff from service claiming that his medical condition prevented him from safely doing his job or any other job for which he was qualified, despite Plaintiff completing multiple medical examinations that cleared Plaintiff to return to work without restrictions. The policies pursuant to which this was done are discriminatory on their face.**

INTERROGATORY NO. 19: If you claim that Defendant intentionally discriminated against you on the basis of disability, describe the facts that support such a claim.

ANSWER: Plaintiff objects to the interrogatory as unduly burdensome insofar as the information is in Defendant's control. Plaintiff also objects to the interrogatory as a contention interrogatory. Plaintiff further objects to this interrogatory to the extent it seeks privileged information. Subject to the second and third objections, Defendant issued restrictions against Plaintiff and refused to accommodate them, despite it being unreasonable to believe that Plaintiff suffered from conditions necessitating them.

**PLAINTIFF'S COUNSEL**

August 17, 2023

*/s/ Nicholas D. Thompson*
Nicholas D. Thompson (MN 0389609)
Kathryn E. Averwater (MN 0401767)
CASEY JONES LAW
729 N. Washington Ave., Suite 600
Minneapolis, MN 55401
(612) 293-5249
nthompson@caseyjones.law
kaverwater@caseyjones.law