IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHIL SILOS,

Plaintiff,

vs.

UNION PACIFIC RAILROAD CO.,

Defendant.

8:23CV113

MEMORANDUM AND ORDER

This matter is before the Court on Defendant Union Pacific Railroad Co. (Union Pacific)'s Motion in Limine. (Filing No. 84). For the reasons explained below, the motion will be granted in part and denied in part.

**BACKGROUND**

Union Pacific hired Plaintiff Phil Silos in 1998. (Filing No. 52 at 1). In 2020, Silos' supervisor saw him limping on the job. (Filing No. 54-1 at 12). Concerns about Silos' safety prompted his supervisor to pull him from service and initiate Union Pacific's fitness for duty process. (Filing No. 54-13 at 1). As part of that process, Silos was evaluated by two doctors. One diagnosed him with osteoarthritis in his left hip. (Filing No. 54-20 at 4). Silos gave records from those evaluations to Union Pacific's medical services department. Fearing that Silos' condition could cause him to fall and injure himself or others, Union Pacific restricted Silos from bending his knees, climbing, crawling, kneeling, standing for prolonged time, standing or walking on uneven surfaces, and walking for prolonged time. (Filing No. 54-14 at 1). Those restrictions prevented Silos from returning to his assigned role or any on the railroad. (Filing No. 54-18 at 1).

Silos filed this Americans with Disabilities Act (ADA) suit against Union Pacific in 2023. (Filing No. 1). One claim—disparate treatment disability discrimination under 42 U.S.C. § 12112(a)—survived summary judgment. (Filing No. 71). Trial is set to begin March 23, 2026.

## DISCUSSION

Union Pacific seeks to limit or exclude six categories of evidence, testimony, comment, or argument at trial. (Filing No. 84 at 1). The Court will address each in turn. Its rulings, however, are subject to revision based on developments at trial. *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

1. **Evidence of other ADA lawsuits against Union Pacific, including Dr. Trangle's experience in other cases**

Union Pacific first argues that Silos should be "precluded from offering testimony or referencing other cases against Union Pacific in which an employee has alleged disability discrimination," including any reference to the previously decertified *Harris v. Union Pacific* case. (Filing No. 85 at 2). Of particular concern to Union Pacific is the possibility that Silos' expert medical witness, Dr. Trangle, will testify about "'patterns,' 'standard practices,' or similar descriptions of Union Pacific's operations that he may claim to have observed in other lawsuits against Union Pacific." (Filing No. 85 at 3).

In response, Silos indicates he "does not intend to offer evidence of other ADA lawsuits, other claims, other settlements, or any 'Union Pacific gets sued' theme[.]" (Filing No. 91 at 5). But Silos does intend to have Dr. Trangle describe "his occupational medicine experience and the standards he will apply to the record in this case" without "reference to other litigation or other employees." (Filing No. 91 at 5).

To Union Pacific, that suffices to resolve the matter. (Filing No. 94 at 1-2). For avoidance of doubt, the Court agrees that evidence of other disability discrimination claims against Union Pacific would be irrelevant and therefore inadmissible. Fed. R. Evid. 402. Even if that kind of evidence were somehow relevant, the Court would still exclude it as unfairly prejudicial and misleading to the jury. Fed. R. Evid. 403. The Court will not, however, preclude Dr. Trangle from testifying about his occupational medicine experience or the standards he applied in this case. Thus, this part of Union Pacific's motion will be granted.

### 2. Undisclosed expert opinions

Union Pacific next seeks to preclude any opinions offered by Dr. Trangle "that were not included in an expert report or were created after" his deposition, including an opinion that "Union Pacific's conduct in evaluating Silos' fitness for duty or issuing restrictions was punitive or the result of ill-will." (Filing No. 85 at 4). Union Pacific suggests that "any attempt by an expert to offer an opinion based on communications with Silos or his treating physicians after the expert's deposition in this case took place" would be prohibited by the Federal Rules of Civil Procedure and "inadmissible hearsay under Rule 802." (Filing No. 85 at 4).

Most of that is uncontroversial to Silos. He indicates he "will present Dr. Trangle within the opinions disclosed during discovery and will not attempt to inject genuinely new theories at trial." (Filing No. 91 at 6). Silos "also does not intend to solicit punitive, shameful, or ill-will rhetoric or motive speculation from Dr. Trangle." (Filing No. 91 at 6). But Silos opposes Union Pacific's requested relief to the extent it would prevent Dr. Trangle from testifying about his "post-deposition preparation" or relying "on updated trial information" on hearsay grounds. (Filing No. 91 at 7).

Silos' response does not entirely assuage Union Pacific's concerns about undisclosed opinions. (Filing No. 94 at 2). The Court can again draw some lines. No party will be permitted to offer expert opinions that were not timely disclosed unless the failure to disclose was substantially justified or is harmless. Fed. R. Civ. P. 26(a)(2); Fed. R. Civ. P. 37(c)(1). Further, Dr. Trangle may not opine on Union Pacific's "intent, motives, or state of mind[.]" *Langenbau v. Med-trans Corp.,* 167 F. Supp. 3d 983, 1002 (N.D. Iowa 2016) (quoting *Kruszka v. Novartis Pharm. Corp.,* 28 F. Supp. 3d 920, 937 (D. Minn. 2014)). As to the possibility that Dr. Trangle might try to offer new opinions based on his trial preparation or post-deposition conversations with Silos (or his treating physicians), Silos has indicated Dr. Trangle will not do so. (Filing No. 91 at 6). If he does, Union Pacific may object. Any hearsay objections to Dr. Trangle's testimony can also be raised at trial. Further, Dr. Trangle may not opine that Union Pacific's conduct in this case was punitive or offer any undisclosed opinions at trial.  Thus, this part of Union Pacific's motion will be granted.

### 3. Scope of opinions from Silos' treating physicians

Union Pacific also seeks to preclude the physicians who examined or treated Silos—including Dr. Citta, Dr. Lindley, and Dr. McKenzie—from offering opinions or testimony that

3

extend beyond the scope of their respective examinations, observations, diagnoses, and treatments of Silos. (Filing No. 85 at 5-6). "More specifically," Union Pacific says in its brief in support of its motion, "the Court should preclude the treating physicians from offering any opinion testimony regarding: (1) the reasonableness of the medical restrictions Union Pacific imposed on Silos; (2) the reasonableness of Union Pacific's [fitness for duty] evaluation of Silos; and/or (3) whether Silos' health conditions precluded him from performing his job duties as a trackman and machine operator at Union Pacific." (Filing No. 85 at 6).

Silos, in response, seems to find those limitations reasonable. He says he "does not intend to ask treating physicians whether Union Pacific acted reasonably as a corporation, whether its fitness-for-duty (FFD) process was appropriate, or whether it complied with the ADA." (Filing No. 91 at 8). Instead, he wants to "elicit core treatment testimony: what the physicians found, what Silos's functional limitations were, what restrictions were medically supported (or not), and what they understood about his ability to work based on the clinical picture and the work history provided." (Filing No. 91 at 8).

Union Pacific has no problems with that. It "agrees" that Silos' treating physicians "should be permitted to provide core treatment testimony" along the lines he described. (Filing No. 94 at 3). Thus, there being no apparent dispute between the parties on these issues, the Court will grant this part of Union Pacific's motion.

### 4. Front pay

Union Pacific further seeks to preclude Silos from "offering evidence and testimony in an effort to establish he is entitled to front pay." (Filing No. 85 at 7). To Union Pacific, this issue is straightforward—to be eligible for an award of front pay, "[Silos] must be available to work," and here, Silos "admits that he was unable to perform the functions of a trackman and machine operator due to pain." (Filing No. 85 at 7).

There is a fundamental problem with Union Pacific's request, though. "[M]otions in limine are not proper procedural devices for the wholesale disposition of theories or defenses." *Kaplan v. Mayo Clinic*, 947 F. Supp. 2d 1001, 1012 (D. Minn. 2013); *see also Mahaska Bottling Co., Inc. v. PepsiCo, Inc.*, 2019 WL 12529179, at *2 (S.D. Iowa May 29, 2019) (collecting cases). Wholesale disposition of a theory is precisely what this part of Union Pacific's motion seeks, so the Court will deny it as procedurally improper.

4

Even if this part of Union Pacific's motion were properly presented, the Court would not rule on evidence regarding front pay presented in a motion in limine. Front pay is an equitable remedy decided by the court, not the jury. *Salitros v. Chrysler Corp.*, 306 F.3d 562, 571 (8th Cir. 2002). "Front pay is a disfavored remedy that may be awarded in lieu of reinstatement, but not in addition to it, where the circumstances make reinstatement impractical." *Sellers v. Mineta*, 358 F.3d 1058, 1063 (8th Cir. 2004). Here, Silos says he will present evidence at trial that he could have continued working "then and now" but for Union Pacific's imposition of restrictions. (Filing No. 91 at 9). Perhaps that would be a departure from his deposition testimony, as Union Pacific suggests in reply. (Filing No. 94 at 3). In any event, the Court needs to hear all the relevant evidence before deciding the "difficult" question of whether Silos is entitled to front pay. *Ollie v. Titan Tire Corp.*, 336 F.3d 680, 687 (8th Cir. 2003). It cannot make that call before trial, and particularly on a motion in limine, so this part of Union Pacific's motion will be denied.

### 5. Silos' subjective beliefs

Union Pacific next argues that Silos should be precluded from "testify[ing] to his subjective belief that Union Pacific was motivated by discriminatory animus when it issued his medical restrictions." (Filing No. 85 at 8).

Silos indicates that if he wants to offer any testimony in the form of an opinion as a non-expert, that opinion is limited to one that is rationally based on his perception and helpful to determine a fact in issue. Fed. R. Evid. 701(a), (b); *see Kostelecky v. NL Acme Tool/NL Indus., Inc.*, 837 F.2d 828, 830 (8th Cir. 1988). He says he does not intend "to speculate about discriminatory animus in the abstract or to testify that his beliefs alone prove intent" at trial. (Filing No. 91 at 12). Thus, Silos is agreeable to a "narrow order" providing that he may testify to facts within his personal knowledge and the impact of events like being pulled from service because of his limp, but may not offer legal conclusions or speculate about Union Pacific's internal motives. (Filing No. 91 at 12).

That is, again, fine by Union Pacific. (Filing No. 94 at 4). The Court agrees Silos cannot offer opinions regarding Union Pacific's intent. That evidence would not be relevant, rationally based on his perception, or helpful. Fed. R. Evid. 401, 701. He can, however, offer relevant factual testimony within his personal knowledge. The Court will therefore grant Union Pacific's motion as to these issues.

**6. Witnesses' opinions of unfair treatment or violations of the law**

Finally, Union Pacific asserts that "Silos should not be allowed to ask witnesses whether they subjectively feel that Union Pacific treated him unfairly or terminated him because of his alleged disability" because that testimony would be irrelevant, highly prejudicial, and would reach conclusions within the jury's competence. (Filing No. 85 at 8-9).

Silos does not quibble with the general proposition that "witnesses should not be asked to decide the case for the jury using loaded legal terms." (Filing No. 91 at 13). But he does argue that the Court should not grant this part of Union Pacific's motion insofar as it would "exclude relevant fact testimony about Silos's job duties, the physical reality of the work, what was observed about Silos's performance and safety history, and how the fitness-for-duty process unfolded in practice." (Filing No. 91 at 13).

Union Pacific seems to acknowledge its motion does not go that far. (Filing No. 94 at 4). To sum up, lay witness testimony in the form of an opinion must be "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue[.]" Fed. R. Evid. 701(a), (b). A legal opinion—like Union Pacific terminated Silos because of his alleged disability—is neither. Witnesses can, however, offer relevant factual testimony "if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Because Silos and Union Pacific agree witnesses cannot offer legal opinions, this part of Union Pacific's motion will be granted. Accordingly,

**IT IS ORDERED:**

1. Defendant Union Pacific Railroad Co.'s Motion in Limine (Filing No. 84) is granted in part and denied in part, as set forth above.

Dated this 18th day of March, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge