IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

PHIL SILOS,

               Plaintiff,

     vs.

UNION PACIFIC RAILROAD CO.,

               Defendant.

**8:23CV113**

**ORDER**

This matter is before the Court on Plaintiff Phil Silos' objections to Defendant Union Pacific Railroad Co. (Union Pacific)'s deposition designations (Filing No. 95) and Union Pacific's objections to Silos' counter-designations. (Filing No. 103 at 3).

Silos first objects to several portions of deposition testimony[1] Union Pacific designated from Dr. Jason Citta. In each, Dr. Citta discusses submitting forms to the Railroad Retirement Board on Silos' behalf or disability benefits more generally. Silos' objections are based on the collateral source rule. "It is familiar law that a plaintiff's collateral sources of compensation cannot be inquired into as part of a defendant's case, because of the danger that the jury may be inclined to find no liability, or to reduce a damage award, when it learns that plaintiff's loss is entirely or partially covered." *Moses v. Union Pac. R.R.,* 64 F.3d 413, 416 (8th Cir. 1995). The collateral source rule applies to payments made under the Railroad Retirement Act. *See Clark v. Burlington Northern, Inc.,* 726 F.2d 448, 451 n. 2 (8th Cir. 1984).

The Court will sustain Silos' objections. Union Pacific cannot "inquire into" disability benefits Silos may have received from the Railroad Retirement Board as part of its case—though,

---

[1] Those portions are in Filing No. 95-1 at 21:6-12, 21:18-23, 22:19-23:1, 25:1-26:21, 27:13-28:16, 28:24-30:1, 30:12-22.

as the Court noted at summary judgment, Silos denied receiving any. (Filing No. 71 at 7). But the Court agrees Dr. Citta's testimony that Silos was unable to work in July 2020 is relevant, particularly given that he indicated Silos was able to work five months earlier. (Filing No. 54-19 at 58).

Pursuant to the collateral source rule, the terms "Railroad Retirement Board" and "disability benefits" shall be excised from the depositions. The Court recognizes that some of Dr. Citta's answers—particularly, the reason for his July 2020 opinion—may not make complete sense without referencing the Board or disability benefits. The parties should meet and confer to introduce sufficient information around these terms so the jury can understand Dr. Citta's testimony. If Silos decides to introduce testimony referencing the Railroad Retirement Board or disability benefits, the Court is willing to instruct the jury that they may not consider whether the plaintiff received any money from any other source in reaching their verdict. Testimony from Silos that he did not receive any disability benefits or payments from the Railroad Retirement Board might, of course, cure the issue.

Silos' next set of objections are to portions of Dr. Mark McKenzie's deposition testimony.[2] In those, Dr. McKenzie testified regarding possible symptoms of Silos' hip condition and whether Silos could have safely performed his job duties in March 2020. Silos argues that testimony should be excluded because it goes beyond his personal knowledge of his examination, diagnosis, and treatment of Silos, would therefore need to be in a written report, and Union Pacific did not disclose any written report from him. *See* Fed. R. Civ. P. 26(a)(2)(B); *Nicholson v. Biomet, Inc.*, 537 F. Supp. 3d 990, 1019 (N.D. Iowa 2021).

The Court will overrule Silos' objections. The Court will not exclude Dr. McKenzie's testimony regarding Silos' functionality and whether he could safely perform his job duties. That kind of testimony is what Silos himself calls "core treatment testimony"—i.e., "what the physicians found, what Silos's functional limitations were, what restrictions were medically supported (or not), and what they understood about his ability to work based on the clinical picture and the work history provided." (Filing No. 91 at 8). If Silos wants to introduce that kind of evidence from Dr. Citta, then Union Pacific can introduce the same evidence from Dr. McKenzie—

---

[2] Those portions are in Filing No. 95-2 at 25:20-26:17, 27:4-12, and 27:17-28:6.

though as the Court noted at summary judgment, neither doctor seemed to know what Silos' job duties were. (Filing No. 71 at 11).

For similar reasons, the Court will also overrule Union Pacific's form and foundation objections[3] in Dr. Citta's deposition. Accordingly,

**IT IS ORDERED:**

1. Plaintiff Phil Silos' objections to Defendant Union Pacific Railroad Co.'s deposition designations (Filing No. 95) are sustained in part and overruled in part, as set forth above.

2. Defendant Union Pacific Railroad Co.'s objections to Plaintiff's counter-designations (Filing No. 103 at 3) are overruled.

Dated this 20th day of March, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

[3] Those objections were made on the record in Filing No. 95-1 at 34:17-18, 35:2-5, 35:12, 36:6-8, 36:12, and 36:18.