IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHIL SILOS, | |
| Plaintiff, | **8:23CV113** |
| vs. | |
| UNION PACIFIC RAILROAD CO., | **FINAL JURY INSTRUCTIONS** |
| Defendant. | |

## INSTRUCTION NO. 1: INTRODUCTION

Members of the jury, the evidence has been fully submitted to you. It is now my job to instruct you on the law to apply to this case. In a few minutes, the lawyers will present closing arguments and afterward, it will be your duty to begin fully deliberating this case in the jury room.

The instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. Other instructions I may have given will not be in writing and will not be available. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

## INSTRUCTION NO. 2: DUTY OF JURY

It will be your duty to decide from the evidence whether Plaintiff Phil Silos has proven his claims and whether Defendant Union Pacific has proved its affirmative defenses. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. After you have decided what the facts are, you will then apply those facts to the law which I give you in these and in my other instructions. That is how you will reach your verdict.  Only you will decide what the facts are.  However, you must follow my instructions, whether you agree with them or not.  You have taken an oath to follow the law that I give you in my instructions.

## **INSTRUCTION NO. 3: EVIDENCE**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed-that is, facts which I tell you that you may accept as true.

Certain things are not evidence. I will list those things for you now:

1.      Statements, arguments, questions and comments by lawyers are not evidence.

2.      Objections are not evidence. Lawyers have a right to object - and sometimes a duty to object - when they believe something should not be a part of the trial. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

3.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

4.      Exhibits that are identified by a party but not received in evidence are not evidence.

5.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

6.      Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it.  If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## INSTRUCTION NO. 4: CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things.  You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

## <u>INSTRUCTION NO. 5: EXPERT OPINION</u>

You have heard testimony from experts Dr. Kevin Trangle, Dr. John Charbonneau, Dr. Jason Citta, and Dr. Mark McKenzie who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in this case.

## INSTRUCTION NO. 6: STIPULATED FACTS

Plaintiff Phil Silos ("Phil Silos") and Defendant Union Pacific Railroad Company ("Union Pacific") have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated. You should, therefore, treat those facts as having been proved. The parties' stipulated facts are as follows:

1.    Union Pacific is an "employer" for purposes of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

2.    Phil Silos was formerly an "employee" (as defined by the ADA) of Union Pacific.

## INSTRUCTION NO. 7: DEMONSTRATIVE SUMMARIES NOT RECEIVED AS EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

## INSTRUCTION NO. 8: EXPLANATORY: BURDEN OF PROOF

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. In making that determination, you must consider all of the evidence and decide which evidence is more credible. The burden of persuading you that a fact is more likely true than not true is upon the party whose claim or defense depends upon that fact.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

## INSTRUCTION NO. 9: ELEMENTS OF CLAIM: DISPARATE TREATMENT

Your verdict must be for Plaintiff Phil Silos and against Defendant Union Pacific if the following elements have been proved:

*First*, Plaintiff Phil Silos has a disability, which Defendant Union Pacific concedes;

*Second,* the restrictions imposed on Plaintiff Phil Silos by Defendant Union Pacific's medical examiner precluded Plaintiff Phil Silos from returning to his position, which Defendant Union Pacific concedes;

*Third*, Plaintiff Phil Silos could have performed the essential functions (as defined in Instruction No.11) of his position at the time of the decision that precluded Plaintiff Phil Silos from returning to his position; and

*Fourth,* Defendant Union Pacific knew of Plaintiff Phil Silos' disability, and it was the "but-for" cause, (as defined in Instruction No. 10) in Defendant Union Pacific's decision to preclude Plaintiff Phil Silos from returning to his position.

If any of the above elements has not been proved, or if Defendant Union Pacific is entitled to a verdict under its affirmative defenses of Direct Threat (Instruction No. 13) or Business Necessity (Instruction No. 14), then your verdict must be for Defendant Union Pacific.

10

## INSTRUCTION NO. 10: DEFINITION: BUT-FOR CAUSATION

The plaintiff's disability is a "but-for" cause of an employment decision if the employment decision would not have been made without it. A disability is not a "but-for" cause if the employment decision would have occurred without the disability. "But for" causation does not require that the disability was the only reason for the decision made by the defendant.

## INSTRUCTION NO. 11: DEFINITION: "ESSENTIAL FUNCTIONS"

The term "essential functions" means the fundamental job duties of the employment position Plaintiff Phil Silos holds. The term "essential functions" does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: (1) The employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of persons who have held the job; (7) the current work experience of persons in similar jobs; (8) whether the reason the position exists is to perform the function; (9) whether there are a limited number of employees available among whom the performance of the function can be distributed; (10) whether the function is highly specialized and the individual in the position was hired for his expertise or ability to perform the function.

No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential.

## INSTRUCTION NO. 12: EXPLANATORY: BUSINESS JUDGMENT

You may not return a verdict for the plaintiff just because you might disagree with the defendant's decision or believe it to be harsh.

## <u>INSTRUCTION NO. 13: ELEMENTS OF DEFENSE:  DIRECT THREAT</u>

Your verdict must be in favor of Defendant Union Pacific and against Plaintiff Phil Silos if Defendant Union Pacific has proved that its medical examiner issued work restrictions on Plaintiff Phil Silos because without those restrictions Plaintiff Phil Silos posed a direct threat to the health or safety of Plaintiff Phil Silos or others in the workplace.

A direct threat means a significant risk of substantial harm to the health or safety of the person. The determination that a direct threat exists must be based on an individualized assessment of Plaintiff Phil Silos' ability to safely perform the essential functions of the job at the time the work restrictions were issued.  This assessment must be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.

In determining whether a person poses a direct threat, you must consider: (1) the duration of the risk; (2) the nature and severity of the potential harm; (3) the likelihood that the potential harm will occur; and (4) the likely time before the potential harm occurs.

## INSTRUCTION NO. 14: ELEMENTS OF DEFENSE: BUSINESS NECESSITY

Business necessity is an affirmative defense to a claim of discrimination under the ADA.

Your verdict must be for Defendant Union Pacific and against Plaintiff Phil Silos if Defendant Union Pacific has proved that the standard, criterion, or policy:

1. Is uniformly applied;

2. Is job-related for Plaintiff Phil Silos' position;

3. Is consistent with business necessity; and

4. Cannot be met by Plaintiff Phil Silos because of his disability.

If you find that each of the elements on which Plaintiff Phil Silos has the burden of proof has been proved, but you also find that Defendant Union Pacific has proved this affirmative defense, your verdict should be for Defendant Union Pacific.

15

## INSTRUCTION NO. 15: DAMAGES: ACTUAL

If you find in favor of Plaintiff Phil Silos under Instruction 9 (Disparate Treatment) and if you answer is "no" in response to Instruction 13 (Direct Threat Defense) or Instruction 14 (Business Necessity), then you must award Plaintiff Phil Silos such sum as you find will fairly and justly compensate Plaintiff Phil Silos for any damages you find Plaintiff Phil Silos sustained as a direct result of Defendant Union Pacific's decision to impose restrictions on him that precluded him from returning to his position. Plaintiff Phil Silos' claim for damages includes distinct types of damages and you must consider them separately.

*First*, you must determine the amount of any wages and fringe benefits Plaintiff Phil Silos would have earned in his employment with Defendant Union Pacific if he had not been precluded from working, minus the amount of earnings and benefits that Plaintiff Phil Silos received from other employment during that time.

*Second*, you must determine the amount of any other damages sustained by Plaintiff Phil Silos, such as emotional pain and suffering. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that Plaintiff Phil Silos has a duty under the law to "mitigate" his damages--that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if it has been proved that Plaintiff Phil Silos failed to seek out or take advantage of an opportunity that was reasonably available to him you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

16

# INSTRUCTION NO. 16: ELECTION OF FOREPERSON AND RULES FOR DELIBERATION

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, your verdict must be the unanimous decision of all jurors. Therefore, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be true.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a unanimous verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third,* during your deliberations, including during any recess taken during deliberations, you must not, directly or indirectly, communicate with or provide any information to anyone by any means or by any medium, about anything relating to this case, until I accept your verdict and discharge you from further service in this case.

*Fourth*, as stated in my instructions at the beginning of the trial, you may not in any manner seek out or receive any information about the case from any source other than the evidence received by the court and the law of the case I have provided to you. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known

17

only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

*Fifth,* if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the courtroom deputy and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Sixth*, nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the courtroom deputy that you are ready to return to the courtroom. If you do not agree upon a verdict by 5:00 p.m. on any given day, you may separate and return for deliberation at 8:30 a.m. on the next business day. If you desire to deliberate after 5:00 p.m., you may do so but please notify the courtroom deputy if that is your intention.

Please be admonished that if you separate at any time during your deliberations, you are, during such separation, not to talk to anyone about this case or talk among yourselves about this case. All of your deliberations should be conducted as a group in the confines of the jury room. Please also remember and follow all of the other admonitions I have given you throughout this trial for your conduct during recesses. All such instructions also continue to apply during any separations which may occur after you commence deliberations.

Dated: March 26, 2026 at 11:05 a.m.

BY THE COURT:

Susan M. Bazis
United States District Judge

18